NO. 07-02-0038-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 26, 2003

______________________________

SERGIO XAVIER DURAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 43,951-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J.
(footnote: 1)
MEMORANDUM OPINION

Sergio Xavier Duran appeals from his conviction for aggravated robbery pursuant to a guilty plea, and his sentence of 30 years confinement.  We affirm.

Appellant was indicted for aggravated robbery based on an incident on or about June 8, 2001.  He pled not guilty.  Trial was commenced on December 3, 2001.  Following 
voir dire
 of the jury panel and jury selection, the indictment was read and appellant pled guilty.  The jury was removed to the jury room and the trial court admonished appellant, ascertained that appellant intended to plead guilty and determined that appellant understood the ramifications of his plea.  Appellant advised the trial court that he wanted the jury to assess punishment.  The trial court did not (1) admonish appellant about the applicable range of punishment or (2) advise appellant that if he was not a citizen of the United States, a guilty plea could result in deportation. 

Following presentation of punishment evidence, the jury assessed appellant’s punishment at 30 years incarceration.  Appellant urges one issue on appeal: the trial court’s failure to fully admonish him violated 
Tex. Crim. Proc. Code Ann
. art. 26.13(a) (Vernon Supp. 2003) and affected his substantial rights.  
See
 
Tex. R. App. P
. 44.2(b).

At the time appellant and the State filed their briefs, they did not have the benefit of 
Burnett v. State
, 88 S.W.3d 633 (Tex.Crim.App. 2002).  We believe appellant’s issue is controlled by 
Burnett
. 

In 
Burnett
, the defendant pled guilty, was admonished by the trial court, but the admonishment did not include admonishment as to the range of punishments for the crime.  The Court of Criminal Appeals noted the error, but held that the record demonstrated that the error was harmless:

The failure to admonish appellant regarding the range of punishment was clearly error.  There is, however, nothing in the record that supports an inference that:  1) appellant was unaware of the consequences of his plea;  or 2) the trial judge's failure to admonish him misled appellant into pleading guilty because he did not know the applicable range of punishment.  To the contrary, this record is replete with statements concerning the applicable range of punishment.  Thus, the error in this case was harmless.  

Id
. at 635.  

So it is in appellant’s situation.  The prosecutor told the jury venire the range of punishment during 
voir dire
.  Defense counsel stated during 
voir dire
 that the prosecutor did a “real good job” of explaining several matters, including the range of punishment.  During his admonishment exchange with the trial court after pleading guilty, appellant acknowledged discussing his plea and its effects with defense counsel.  During presentation of appellant’s trial evidence at punishment, his mother and father testified.  His mother testified to her understanding that appellant could be sentenced to probation or up to life in prison.  She had recently moved to Kansas, but her testimony did not raise an inference that she, appellant’s father, appellant or any of appellant’s family had otherwise lived anywhere but Amarillo.  Appellant’s father testified that he lived in Amarillo.  Appellant testified to the jury that he understood he had pled guilty to a first degree felony and that he could spend the rest of his life in prison.  No motion for new trial was filed claiming appellant was not a citizen of the United States, and no evidence in the record infers such fact.  Moreover, appellant only claims in his brief that the trial court failed to inquire whether he was a citizen.  He does not urge that he is not a citizen and is subject to deportation because of his plea.  Nor does he refer to any evidence to support such a position or specify any prejudice from the failure to be admonished in regard to possible deportation if he were not a citizen.  

Failure to admonish a defendant on the direct consequences of his guilty plea is statutory rather than constitutional error.  
See
 
Burnett
, 88 S.W.3d at 637.  This record does not demonstrate that the trial judge's error in failing to admonish appellant misled or harmed appellant.  

The error was harmless.  
Id
.  We overrule appellant’s issue and affirm the judgment.  

Phil Johnson

Chief Justice

Do not publish.  

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.